**Jerome BELLAMY, Plaintiff–Appellant,**

v.

**MOUNT VERNON HOSPITAL, Urologist, Doctor name unknown at this time, M. Janis, NYS Department of Corrections, Dr. J. Pereli, Dr. Lester Wright, Defendants–Appellees.**

No. 09–3312–pr.

United States Court of Appeals, Second Circuit.

July 21, 2010.

Jerome Bellamy, Alden, NY, pro se.

Edward J. Guardaro, Jr., Terence S. Reynolds, Barlett McDonough Bastone & Monaghan LLP, White Plains, NY, for defendant-appellee Mount Vernon Hospital; Richard O. Jackson, Assistant Solicitor General of Counsel, (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Michael S. Belohavek, Senior Counsel, on the brief), New York, NY, for defendant-appellees the State Defendants.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, RICHARD W. GOLDBERG, Judge.*

## SUMMARY ORDER

Appellant Jerome Bellamy ("appellant"), *pro se* and incarcerated, appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.* ), granting the motions of Mount Vernon Hospital and the State Defendants ** for summary judgment. Appellant commenced this action by asserting claims under, *inter alia,* the Eighth and Fourteenth Amendments for deliberate indifference to his serious medical needs and failure to provide medical information. He sought a permanent injunction against the State Defendants. In August of 2008, the district court granted the motions of Mount Vernon Hospital and Dr. Janis for summary judgment. In June of 2009, the district court granted the motions of the DOCS and Dr. Wright for summary judgment. Dr. Pereli was dismissed from the case by the district court pursuant to Fed.R.Civ.P. 4(m).

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted). We review a district court's dismissal pursuant to Federal Rule of Civil Procedure 4(m) for abuse of discretion. *See Zapata v. City of N.Y.,* 502 F.3d 192, 195 (2d Cir.2007).

Construing, as we must, all of the facts in appellant's favor, we conclude after an exhaustive review of the record that the

---

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

** The "State Defendants" consist of the New York State Department of Correctional Services ("DOCS"); Dr. Lester Wright, Chief Medical Officer for DOCS; Dr. Marc Janis; and Dr. J. Pereli.

district court properly granted summary judgment to the defendants. Accordingly, we affirm the district court's judgment for substantially the same reasons as articulated by that court in its orders of August of 2008 and June of 2009. Additionally, we cannot say that the court abused its discretion in dismissing Dr. Pereli from the case for failure to serve process. *See* Fed. R.Civ.P. 4(m). We have considered all of appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**